IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Arthur Huerth, et al., | ) | |
|---|---|---|
| | ) | Case No. 10 C 5049 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jerrold Pressman, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the motion [114] to vacate of Janovic, Werner, Moreno and Ferro is denied. Plaintiffs' motion [138] is denied in so far as it seeks to strike the reply and granted as to their alternative request for leave to file a sur-reply. The sur-reply [144-1] and exhibits [144-2] are deemed filed. Plaintiffs' request to take judicial notice [146] is granted. Presentment hearing set for 2/25/2014 [147] is stricken.

## STATEMENT-OPINION

Defendants, Theodore Janovic, Katharine Werner, Ruben Moreno, and Thom Ferro move [114] pursuant to Fed. R. Civ. P. 60(b)(1),(4), & (6) to vacate the judgment [97] entered against them. Ferro was defaulted [62] on 4/18/2012. Janovic, Werner and Moreno were defaulted [67] on 7/9/2012. Magistrate Judge Mahoney conducted a hearing on damages and entered a report and recommendation [86][87] assessing damages. No objections were filed to the report and recommendation and plaintiff's motion for default judgment against Janovic, Werner, Moreno and Ferro as well as certain other defendants was granted [88] on 11/26/2012. The matter remained pending and stayed due to bankruptcy proceedings pending against certain other defendants. Plaintiffs moved to dismiss with prejudice the defendants who were in bankruptcy. The court granted [96] that motion on 12/12/2012 and final judgment [97] was entered 12/12/2012. On 8/5/2013, Janovic, Werner, Moreno, and Ferro filed this motion to vacate. Plaintiffs move [138] to strike the reply brief filed in support of the motion to vacate or in the alternative to allow plaintiffs to file a sur-reply brief.[1] Plaintiffs also ask the court to take judicial notice [146] of a complaint filed in California.

---

[1] Plaintiffs' motion [138] is denied in so far as it seeks to strike the reply and granted as to their alternative request for leave to file a sur-reply. The sur-reply [144-1] and exhibits [144-2] are deemed filed.

1

After the complaint was filed, and this case transferred here from the Eastern Division, Attorney Barney H. Balonick of the Goldberg & Goldberg law firm entered his appearance as local counsel on 10/4/2010 for Janovic, Werner, Moreno and several other defendants. No one ever filed an appearance as lead counsel. Ferro was added as a defendant in the first amended complaint [37] filed 12/20/2010. Ferro was eventually served [53] by alias summons on 12/31/2011. Ferro never appeared or answered and was defaulted therefore as noted above.

Balonick has been and continues to be counsel of record for Janovic, Werner and Moreno. On 8/2/2013, Attorneys Grady and Catlin entered their appearances [110][111] on behalf of Janovic, Werner, Moreno, and Ferro (collectively, "JWMF") but Balonick has never withdrawn. By motion filed by attorneys Grady and Catlin, JWMF seek Rule 60(b) relief from the judgment entered against them. One basis they claim for relief from the judgment is the inaction of, and concealment of that inaction by, yet another attorney, Peter Faraci. Faraci never entered an appearance in this case on anyone's behalf though he twice appeared before the magistrate judge (12/9/2011 & 1/27/2012) "stepping up on behalf of Mr. Balonick."

Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason that justifies relief."

JWMF first argue the judgment is void so the court must vacate the judgment under Rule 60(b)(4). "Rule 60(b)(4) is primarily intended for cases where the suit in which the judgment sought to be vacated was entered outside the jurisdiction of the district court." Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1018 (7th Cir. 2002). Jurisdiction is not an issue here. JWMF argue the judgment is void because the first amended complaint on which it is based was never properly filed. When the first amended complaint was filed on 12/20/2010, an involuntary bankruptcy petition filed on 12/7/2010 against EPD Investment Co., LLC was pending and an automatic stay was in place as to EPD Investment Co., LLC. .

After the stay was lifted, plaintiffs moved to file the same amended complaint. At a hearing on 12/9/2011, plaintiffs presented this motion telling Magistrate Judge Mahoney they want to avoid "any suggestion our complaint filing was void." The magistrate judge then said: "So, you want leave to file a complaint that's already on file." Counsel replied in the affirmative and Magistrate Judge Mahoney stated: "Why don't we make it leave to file complaint instanter is allowed that's already been filed with the court." It is evident from this exchange that the magistrate judge was allowing the 12/20/2010 first amended complaint to stand as filed as of the 12/9/2011 hearing. Plaintiffs point this out in their response to JWMF's brief and JWMF do not address these record facts in their reply. The judgment is not void. Relief is not appropriate under Rule 60(b)(4).

JWMF argue excusable neglect entitles them to relief from the judgment. Fed. R. Civ. P. 60(b)(1). They contend they reasonably believed co-defendant EPD Investment Co., LLC was

defending the case. They say they had no idea the attorney retained by the company, Faraci, never filed his appearance, filed no pleadings and abandoned the case.

One of the problems with this argument as to Janovic, Werner and Moreno is that they had an attorney who did file an appearance, Balonick.[2] He was their counsel of record. Any failure on his part to follow the case and defend their interests is a matter between them and him. Likewise, as to Faraci, to the extent they (and Ferro) reasonably believed him to be their attorney his failure to act on their behalf is between them and him. It is not excusable neglect warranting relief from judgment.

In Lobrow v. Village of Port Barrington, 406 Fed. Appx. 60, 61, 2010 WL 5394316 (7th Cir. 2010), "Lobrow represented that a law firm he retained in July 2009 had never entered an appearance in the matter or responded to the [defendant's] motion." In affirming the denial of Rule 60(b)(1) relief, the court stated "the ground asserted by Lobrow for upsetting the district court's decision has no merit." Id. "Lobrow represented that counsel was retained for this litigation, though we cannot be certain from the lawyer's email whether the firm was hired for this case or one of the five other suits Lobrow and his wife ultimately filed in the district court. Yet, even if we assume that retained counsel had dropped the ball, a lawyer's inattentiveness to litigation is generally not excusable – and thus not a basis for relief under Rule 60(b)– no matter the consequences to the litigant or the attorney's degree of culpability." Id.

---

[2] Ferro's circumstance is somewhat different. Balonick never entered an appearance on Ferro's behalf. However, Ferro in his declaration submitted in this case asserts Pressman hired Balonick to defend Ferro and that Ferro had numerous conversations with Balonick from October 2010 until about June 2011 concerning Ferro's defenses against plaintiffs' claims and litigation strategy. Thus, Ferro believed he was being represented by Balonick even though no appearance was filed by Balonick on Ferro's behalf. Ferro was not a party when Balonick entered his appearance 10/4/2010. Ferro was added in the first amended complaint filed 12/20/2010 and, because a bankruptcy stay was in effect as to EPD Investment Co., LLC at that time, was later deemed filed on 12/9/2011 after the stay against EPD Investment Co., LLC was lifted. Ferro was served with this first amended complaint on 12/31/2011. This was the first time he was served with any complaint in this action. This may explain why Balonick never entered an appearance for Ferro even though, according to Ferro, Balonick and Ferro had been discussing Ferro's defense from the time the case was originally filed against the other defendants. Balonick filed a declaration, dated August 3, 2013, in this case in which he asserts that in September 2010 EPD Investment Co., LLC hired him as local counsel to represent "all of the defendants in this case." While it is not entirely clear whether Balonick meant all of the defendants who had been named in the complaint in September 2010 or all of the defendants ultimately named in the case, based on all of the declarations filed by JWMF in support of their motion to vacate, it appears both Ferro and Balonick believed Balonick was representing Ferro from October 2010 until June 2011 when Ferro says he thought Faraci took over his defense.

3

JWMF contend Bieganek v. Taylor, 801 F.2d 879 (7th Cir. 1986) compels relief but Bieganek is distinguishable as to Janovic, Werner, and Moreno because no attorney ever appeared for Taylor in that case. Taylor, prior to leaving the country, "contacted someone in one of the other business entities which was also a defendant, and thereafter was under 'the impression' that the defendant company would protect Taylor's interests for him." Id. at 880. The court noted "that initially when there was no response forthcoming from Taylor the plaintiffs did not inquire, by mail or otherwise, about Taylor's intentions, nor did they raise the question with any other defendant with whom they claim he was associated." Id. at 882. The plaintiffs proceeded to obtain a default judgment against Taylor, who had neither appeared nor answered. The court in Bieganek observed "[t]here is nothing in the record to show that Taylor deliberately and wilfully defied the court or disregarded the litigation. When wilfulness is clearly apparent, the liberal attitude of vacating default judgments is sharply modified." Id.

Here, it is "clearly apparent" that counsel of record for Janovic, Werner, and Moreno wilfully disregarded the litigation. An attorney who appears on a case is responsible for that case until the court allows the attorney to withdraw. Balonick never sought to withdraw. Faraci came to court on two occasions indicating he was standing in for Balonick and suggesting he was going to substitute in as counsel but he never did. JWMF suggest plaintiffs' counsel is somehow to blame for their problems because plaintiff's counsel did not contact JWMF directly when they realized Balonick had moved to California and Faraci had said he was going to be substituting in but never did. But moving to California did not remove Balonick as counsel for Janovic, Werner and Moreno. Faraci saying he was going to substitute in also did not remove Balonick from the case. Plaintiffs' counsel had no real choice as to Janovic, Werner and Moreno, who were parties represented by an attorney. The neglect of Balonick was not excusable and Janovic, Werner, and Moreno are bound by Balonick's inaction.

Bieganek is also distinguishable as to Ferro because it is evident, as discussed above in footnote 2, that Ferro was being represented by an attorney, Balonick, concerning the claims being brought against him by plaintiffs. This is not a case where Ferro merely "contacted someone in one of the other business entities which was also a defendant, and thereafter was under 'the impression' that the defendant company would protect [his] interests for him." Id. at 880. Ferro was being represented by Balonick. He had conversations with Balonick about defending the case against him. This is not a case of nobody picking up Ferro's defense. It is rather a case of "ball-dropping" (by Ferro, Balonick, or both) after the representation had been undertaken, which is not a basis for relief. Lobrow, 406 Fed. Appx. at 61.

JWMF also say Faraci agreed to represent them all in this matter. Faraci's engagement letter (addressed to a since dismissed defendant, Jerrold Pressman) says Faraci agreed to represent "all of the named defendants" in this case. Faraci claims he never represented JWMF. He claims he only represented Pressman though he acknowledged in his deposition that there was nothing in the engagement letter that would suggest he was not representing all of the defendants. He testified he intended to represent the other defendants if after reviewing the case he determined there were no conflicts. He never communicated with the other defendants about his

4

representation of them. Faraci was not admitted to practice in this court at the time he sent the engagement letter and abandoned his efforts to get admitted some time thereafter.

JWMF each submitted declarations in an action brought in California to stay execution on the 12/12/2012 judgment entered in this case. Those declarations each state that the declarants believed Faraci was representing them in this case and that they were surprised default judgment had been entered against them. Werner, Moreno and Ferro filed declarations in support of their motion to vacate in this court also asserting they believed Faraci was representing them. Janovic's declaration in this court does not make that assertion. JWMFs' declarations in this court each assert Pressman assured them based on his conversations with defense counsel that this case was being defended. Pressman submitted a declaration in this case stating he was told by Faraci (and before him Balonick) that the interests of defendants (including JWMF) in this action were being defended. Pressman's declaration asserts "the default judgment was a complete shock to me because I had been under the mistaken belief that Mr. Faraci was defending this case since he continuously had advised me pursuant to my ongoing and periodic inquiries that no adverse rulings had been made against the defendants." Moreno's declaration says he had numerous conversations with Balonick about Moreno's defense but he never discussed his defense with Faraci. Werner and Ferro's declarations say the same.

To sum it up, JWMF believed based on their communications with Pressman that Faraci was defending them in this case. Faraci's engagement letter sent to Pressman said he was agreeing to represent all of the named defendants in the case. Pressman assured JWMF that the case was being defended based on Balonick and Faraci telling him it was being defended. Faraci never entered an appearance on behalf of JWMF (or Pressman or any other defendant) and, in fact, was not admitted to practice before this court at that time. JWMF never contacted Faraci about their defense. Between October 2010 and June 2011, before Faraci's involvement, Werner, Moreno, and Ferro had all actively discussed their defenses with Balonick. After that time, they only talked with Pressman.

Faraci's neglect was not excusable. He failed to follow the case, failed to enter an appearance, and allowed JWMF to have a judgment entered against them by default. Based on the declarations they filed in the California case, JWMF all believed Faraci was their attorney in this case and based on his engagement letter sent to Pressman this would appear to be the case notwithstanding Faraci's claiming in his deposition that he only represented Pressman. "[A] lawyer's inattentiveness to litigation is generally not excusable – and thus not a basis for relief under Rule 60(b)– no matter the consequences to the litigant or the attorney's degree of culpability." Id. Based on the declarations presented by JWMF in support of their Rule 60(b) motions, both Balonick and Faraci represented JWMF. The neglect of these attorneys was not excusable and Rule 60(b)(1) relief is not appropriate.

JWMF also seek relief under Rule 60(b)(6). Relief under Rule 60(b)(6) "is limited to 'extraordinary circumstances'." Mendez v. Republic Bank, 725 F.3d 651, 657 (7th Cir. 2013). As seen from the discussion above, there is nothing extraordinary about the circumstances here.

5

The facts as set out by JWMF in support of their motion for relief show inexcusable neglect. Having failed to show the neglect was excusable under Rule 60(b)(1), JWMF cannot be saved by Rule 60(b)(6).  JWMF urge the court to adopt the reasoning of Boughner v. Secretary of H.E.W., 572 F.2d 976, 978 (3rd Cir. 1978) which granted relief under Rule 60(b)(6) where gross negligence by counsel was held sufficient to free the appellants from being "bound by the acts of their attorney for the purposes of the rule."  However, as JWMF acknowledge,  the Seventh Circuit Court of Appeals has not adopted the view that gross negligence of counsel justifies Rule 60(b) relief. See Chicago Downs Assoc., Inc. v. Chase, 944 F.2d 366, 370, n.1 (7th Cir. 1991) (collecting cases and noting its statement in Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir. 1989) that "[t]he remedy for a client who suffers . . . because of the negligence of his attorney is a malpractice action.").

     For the foregoing reasons, the motion [114] to vacate of Janovic, Werner, Moreno and Ferro is denied.  Plaintiffs' motion [138] is denied in so far as it seeks to strike the reply and granted as to their alternative request for leave to file a sur-reply.  The sur-reply [144-1] and exhibits [144-2] are deemed filed.  Plaintiffs' request to take judicial notice [146] is granted.  Presentment hearing set for 2/25/2014 [147] is stricken.

Date: 2/21/2014                      ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)